IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **CEDRIC BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 7:12-CV-062-HL-TQL |
| VS. | : | |
| | : | |
| **VALIRE HOLLAS, et. al.** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER OF DISMISSAL

Plaintiff Cedric Brown, a prisoner at the Tift County Jail in Tifton, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis* ("IFP"). Because Plaintiff seeks to proceed IFP, this Court is required to screen his Complaint pursuant to 28 U.S.C. § 1915A. Having now done so, the Court finds that the Complaint fails to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

When reviewing a complaint under 28 U.S.C. § 1915A, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a district court may still dismiss a prisoner complaint if it (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id. In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003); see also 28 U.S.C. § 1915A(b).

**STATEMENT AND ANALYSIS OF CLAIMS**

In this case, the Complaint alleges that Plaintiff was denied needed medical care while imprisoned in the Tift County Jail. Plaintiff claims to suffer from various ailments, including headaches, stomach problems, and back and knee pain. (Compl. [Doc. 1] at 5). According to the Complaint, Plaintiff "put in a sick call form" on October 25, 2011, and was seen the following day by Defendant Valire Hollas, who then treated Plaintiff by giving him "two tablets to take." (Id.). However, Defendant Hollas refused to treat Plaintiff for more than one ailment at that time. She

explained that prisoners "could only be seen for one problem" per visit and that he would need to "put in another sick call" if he wanted additional treatment. (Id.). Plaintiff apparently took her advice. He was seen by Dr. James Graham the next day and treated for his stomach problems. Dr. Graham, however, also refused to treat Plaintiff for multiple ailments during a single visit. (Id.).

Plaintiff put in a third sick call the next day, October 28, 2011. (Id.). He then spoke with Defendant Geneva Dueberry on October 29, 2011, during his blood sugar check, and she indicated that Plaintiff would not be seen again for his complaints because he was already on medication. (Id.). Plaintiff then apparently filed grievances against Defendants Hollas, Graham and Dueberry. When Plaintiff later spoke with Defendant Lt. Giddens about his grievance, Giddens "stated that he had talked to them and that was the way it was done." (Id.).

Plaintiff put in a fourth "sick call" on November 26, 2011, and was seen by medical personnel on December 2, 2011. (Id.). Plaintiff requested medical treatment again in March of 2012 and was seen by Defendant Dueberry. (Id.). At that time, she indicated that Plaintiff would need to speak with the doctor. (Id.). Plaintiff, however, has not seen a doctor and has multiple sick calls currently pending. (Id.). Plaintiff spoke with Defendant Lieutenant Montgomery about the issue in April of 2012, and he said that "he would check into it," but he has not since replied. (Id. at 4)

After reading these allegations, it is apparent that Plaintiff is attempting to bring an Eighth Amendment claim against each Defendant for a denial of medical care. Plaintiff's allegations, however, fail to state a cognizable claim against any Defendant.

To state a claim for denial of medical care, a plaintiff must allege acts or omissions amounting to deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). A plaintiff must allege facts in his complaint demonstrating (1) that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended, and (2) that

the defendant had subjective knowledge of a risk of serious harm to the plaintiff but disregarded that risk. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).

Plaintiff's Complaint does not include these necessary allegations. Nothing in Plaintiff's Complaint suggests that he in fact suffers from an "objectively serious medical need" or that any defendant disregarded a risk of serious harm to Plaintiff. Plaintiff only complains of relatively minor ailments - head aches, stomach problems, and back and knee pain. Certainly, "[n]ot every ache and pain or medically recognized condition involving some discomfort can support [a constitutional] claim." Gutierrez v. Peters, 111 F.3d 1364, 1372 (7th Cir.1997). Moreover, Plaintiff's allegations show that he has received medical treatment for his complaints, even though it may have required that he put in multiple sick calls. While this may have been inconvenient and/or frustrating for Plaintiff, no fact alleged in the Complaint suggests that the medical treatment provided was grossly incompetent, inadequate, or so lacking as to shock the conscience or to be intolerable to fundamental fairness. The facts in Plaintiff's Complaint thus fail to describe any constitutional violation. See Harris v. Thigpen, 941 F.2d 1495,1505 (11th Cir. 1991).

Plaintiff additionally fails to state any claim based upon prison officials' lack of response to the grievances he filed. The mere fact that a prison official denies a grievance or otherwise fails to act on information contained in a grievance is insufficient to impose liability under § 1983. See Larson v. Meek, 240 Fed. Appx. 777, 780 (10th Cir. 2007) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability on official who merely failed to act based on information contained in the grievance).

For these reasons, the Court finds that Plaintiff has not stated any claim upon which relief

may be granted.  Plaintiff's Complaint is accordingly **DISMISSED** *without prejudice* pursuant to 28 U.S.C. § 1915A(b)(1).

The dismissal of this Complaint, however, does not relieve Plaintiff of his obligation to pay his filing fee.  Plaintiff is still obligated to pay $ 309.80 towards his filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b).  Hereafter, Plaintiff shall make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The agency having custody of Plaintiff is **ORDERED** to forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid.  See 28 U.S.C. § 1915(b)(2).  For this reason, the Clerk shall send a copy of this Order to the business manager of Tift County Jail.

Filing fees paid are not refundable, regardless of the outcome of Plaintiff's case.  It is thus **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.  In the event Plaintiff is released from the custody of the State of Georgia (or any county thereof), he shall remain obligated to pay any balance due on the filing fee until it has been paid in full.   If Plaintiff is released from custody and fails to remit payments, collection of any balance due shall be authorized by any means permitted by law.

**SO ORDERED**, this 22nd day of May 2012.

*s/ Hugh Lawson*
HUGH LAWSON, JUDGE
UNITED STATES DISTRICT COURT

jlr